Dear Representative Lang:
You have recently requested an opinion from this office as to whether Art. X, § 22, Mo. Constitution, enacted as a part of the Hancock Amendment, would require the city of Warrensburg, Missouri, to obtain voter approval prior to imposing a tax to support a special business district which the city proposes to create pursuant to §§ 71.790, et seq., RSMo 1978.
Art. X, § 22, Mo. Constitution, currently provides in pertinent part, as follows:
 (a) Counties and other political subdivisions are hereby prohibited from levying any tax, license or fees, not authorized by law, . . . when this section is adopted or from increasing the current levy of an existing tax, license or fees, above that current levy authorized by law or charter when this section is adopted without the approval of the required majority of the qualified voters of that county or other political subdivision voting thereon . . . .
The point upon which the resolution of your question turns, therefore, is whether the tax which the district would levy constituted a "tax . . . authorized by law" on November 4, 1980.
As noted above, special business districts are provided for through §§ 71.790, et seq., RSMo 1978. According to § 71.792, a business district is created by ordinance of the governing body of the city. Approval by voters registered to vote within the city is not required.
For its support, § 71.800 provides that any special business district may impose taxes for the payment of all costs and expenses incurred in the operation of the district. That section essentially establishes a two tier levy. That is, § 71.800.1 initially authorizes the district to impose a tax not to exceed eighty-five cents per one hundred dollars valuation against owners of real property within the district. Should the revenues collected under §71.800.1 be insufficient to pay all costs and expenses incurred, §71.800.2 allows the district to impose an additional tax which, if the governing body already imposes business license taxes, is limited to 50% of the rate of the business license tax.
While the existence of § 71.800 obviously predates the adoption date of the Hancock Amendment generally, does the fact that Warrensburg had not established a special district as of November 4, 1980, require the proposed business district to submit the question of a tax to the electorate for approval? We think not. The patent thrust of § 22 of the Hancock Amendment is to preclude the imposition of a financial burden to which assent by the people, either through the General Assembly or local governing body, had not already been given. We do not find in Article X a requirement that "renewed" approval must be obtained prior to activating a tax already lawfully authorized. Section 22 speaks to a taxauthorized when the amendment was adopted.[1] Further, it would only prohibit these increases in a tax levy which would exceed the levy authorized on November 4, 1980. The instant case may, therefore, be likened to the circumstance in which a taxing entity on November 4, 1980, was levying no part or only some portion of a tax rate permitted to that entity at that time. In such a case § 22 clearly permits a tax increase to the full rate authorized on November 4, 1980, without voter approval. While we know of no Missouri decisions bearing on the precise point, we believe that the plain language of Art. X, § 22, Mo. Constitution, demands that any newly created political subdivision must necessarily be clothed with such rights and powers — including the power to tax — as were vested by statute in similar entities as of November 4, 1980. Certainly the Hancock Amendment was not designed to preclude the establishment of new special business districts, nor do we think unnecessarily to impede the financing of such a venture according to established mechanisms.
CONCLUSION
It is, therefore, the opinion of this office that the city of Warrensburg may, by appropriate ordinance, establish a special business district within such city. The provisions of the Hancock Amendment notwithstanding, the district so established may in turn impose the taxes provided for within § 71.800, RSMo 1978, against the owners of real property within such district without obtaining further approval by election authorizing such taxes.
The foregoing opinion, which I hereby approve, was prepared by my assistant, Christopher M. Lambrecht.
Yours very truly,
 JOHN ASHCROFT Attorney General
[1] While in the usual circumstances, Art. XII, § 2(b), Mo. Constitution, would prescribe an effective date of December 4, 1980 (30 days after the general election), language in Art. X, § 22, Mo. Constitution, pertaining to permissible taxes, licenses, and fees is specifically tied to the date of adoption. We believe that the applicable tax levies for purposes of the limitations contained in Art. X, § 22, Mo. Constitution, were those authorized on November 4, 1980.